O:\MAXWELL FILES\Trustee (AJM) cases\Adu, Lori F. (Oct. 2005 RE)\Preference dennis Adu\Proposed Findingsand Conclusions.doc
05-101-037

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | No. 05-37442 |
| LORI F. ADU, ) | Hon. Jack B. Schmetterer |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| ANDREW J. MAXWELL, Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Adv. No. 05 A 02506 |
| ) | |
| DENNIS ADU, ) | |
| ) | |
| Defendant. ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This adversary proceeding coming to be heard on the Trustee's request for entry of judgment against Dennis Adu; based on the Court's review of the Adversary Complaint for Authorization to Sell Jointly Owned Property ("complaint"), the Motion for Entry of an Order of Default (the "Motion") and affidavits presented on behalf of Andrew J. Maxwell, Trustee ("Trustee"), including the Affidavit in Support of Motion for Entry of Default Judgment Against Defendant Dennis Adu ("Prove up Affidavit") and the Affidavit of Non-Military Service of Defendant Dennis Adu, and Court's consideration of statements on the record in open court; no evidentiary hearing having been conducted; and the Court being advised in the premises of the proceeding;

This Court makes the following Findings of Fact:

1.   Lori F. Adu ("Debtor") commenced her bankruptcy case by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on September 14, 2005.

2.   Andrew J. Maxwell ("Trustee") was appointed to serve as the Chapter 7 Trustee, has qualified and has been acting as such.

1

3.      The Debtor's schedules disclosed ownership interest in certain real estate commonly known as Unit 903 at 1845 S. Michigan Ave., Chicago, Illinois (the "real estate").

4.      The Debtor's Schedules disclosed that she and Dennis Adu (sometimes referred to as "Adu" or "Defendant") own the real estate as joint tenants.

5.      The real estate is a condominium unit presently occupied by the Debtor and her daughter as their principal residence. The Court notes, but does not find, that Adu stated in open court that he also now resides in the real estate.

6.      There is a mortgage against the real estate disclosed on the Debtor's schedule D as having a balance of $205,000.00.

7.      Dennis Adu is a citizen and resident of this District and is not a debtor in this bankruptcy case. Debtor represents on her schedules that she is married to Adu.

8.      This adversary proceeding was commenced by Trustee filing the Adversary Complaint for Authorization to Sell Jointly Owned Property ("complaint") against Defendant on October 25, 2005. In the complaint, Trustee seeks to sell the real estate in its entirety pursuant to §363(h) of Title 11 U.S.C. (the "Code").

9.      Proper service of the summons and the complaint were served upon Adu by United States mail, as prescribed by Federal Rule of Bankruptcy Procedure 7004(b), according to the certification of service of summons filed by the Trustee's counsel.

10.     Adu has failed to answer or otherwise plead in response to the complaint, and the time for filing such answer or other pleading has expired. Adu personally appeared in open court on December 1, 2005, the original status date for the summons, and was granted a continuance of this adversary proceeding in order to obtain counsel. Neither Adu nor anyone on his behalf has filed an appearance or response to the complaint in this adversary proceeding.

11.     Adu was served a copy of the Notice of Motion and Trustee's Motion for Entry of

2

Default Judgment against Adu (the "Motion") by United States Mail, first class postage prepaid, addressed to Adu on December 15, 2005, according to the certificate of service on the Motion signed by Trustee's counsel. Adu personally appeared in open court on December 22, 2005, the continued status date for the adversary proceeding and the noticed hearing date for the Motion.

This Court makes the following Conclusions of Law:

1. This is a core proceeding pursuant to Title 28 U.S.C. §157(b) (2) in which this Court is empowered to enter a final judgment. This Court has jurisdiction over this adversary proceeding pursuant to Title 28 U.S.C. §1334, and Bankruptcy Rule 7001, et seq. Venue is proper in this District pursuant to Title 28 U.S.C. §1409(a).

2. Proper notice of the Motion has been given pursuant to Federal Rule of Bankruptcy Procedure 7055 and Federal Rule of Civil Procedure 55.

3. "Judgment does not automatically follow after the entry of default." In re Ronald Paul, 266 B.R. 686, 693 (N.D. Ill. 2001) citing Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. BAP 1991). "Although, well-plead facts in the complaint are generally taken as true, the defendant does not by default admit conclusions of law. Therefore, it is left to the court to decide if the plaintiff is entitled to judgment as a matter of law." In re Ronald Paul, 266 B.R. 686 at 693.

4. The standard of proof applicable to this proceeding is the preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 111 Sect. 654, 112 L.Ed.2d 755 (1991).

5. Debtor's interest in the real estate constitutes property of Debtor's bankruptcy estate within the meaning of §541(a) of Title 11 U.S.C. (the "Bankruptcy Code"), which Trustee may use, sell, or lease.

6. Partition in kind of the beneficial interest in the real estate between the bankruptcy estate and the joint owner(s) impracticable; sale of the estate's undivided interest in

3

the real estate would realize significantly less for the estate than sale of the real estate in its entirety, free of the interest of the joint owner(s); the benefit to the estate of a sale of the real estate free of the interests of the joint owner(s) outweighs the detriment, if any, to the joint owner(s); and the real estate is not used in the production, transmission, distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

7. Pursuant to §363(h) of the Bankruptcy Code, this Court should authorize Trustee to sell the real estate in its entirety, free and clear of all liens, claims and encumbrances, including any interest of Dennis Adu or any other joint owner, with any such liens, claims and encumbrances, including the interest of those persons, to attach to the proceeds of the sale, subject to a determination of this Court as to the extent, validity and priority of such liens, claims and encumbrances.

8. Pursuant to Federal Rule of Bankruptcy Procedure 7055 and Federal Rule of Civil Procedure 55, Adu is in default for failure to answer or otherwise plead in response to the complaint and a default judgment is entered in the Trustee's favor and against Adu granting the relief sought in the complaint.

9. To the extent a Finding of Fact is more properly categorized as a Conclusion of Law, or a Conclusion of Law is more properly categorized as a Finding of Fact, then such Finding or Conclusion should be interpreted accordingly.

ENTER:

U.S. BANKRUPTCY JUDGE

JAN 0 3 2006

Prepared by:
Andrew J. Maxwell (ARDC#1799150)
Jaclyn H. Smith (ARDC #6284016)
Maxwell & Potts, LLC
105 West Adams Street, Suite 3200
Chicago, Illinois 60603
312/368-1138

4